# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Desean Lamont Thomas,                          Civ. No. 17-4017 (DWF/BRT)

          Petitioner,

v.                                             **REPORT AND RECOMMENDATION**

Contaminated H20, et al.,

          Respondent.

---

Petitioner DeSean Lamont Thomas alleges that contaminated water at the prison where he is confined has made him and other inmates ill. Thomas has on several occasions filed petitions for writs of habeas corpus in the state courts seeking relief from the allegedly unlawful conditions of his confinement. To date, those efforts—at least one of which appears to be pending—have proved unsuccessful.

Thomas now requests relief from this Court. The exact nature of the relief sought from Thomas, however, is unclear. Thomas captions his pleading as a petition for a writ of mandamus — that is, a request that this Court direct the state courts to take action in his pending habeas corpus proceedings. But "a federal district court has no legal authority to enter a writ of mandamus directed to a *state* court." *Arens v. Minnesota*, No. 13-CV-3009 (DSD/JSM), 2013 WL 6277499, at *3 (D. Minn. Dec. 3, 2013) (collecting cases); *accord* 28 U.S.C. § 1361 (granting federal district courts original jurisdiction over "any action in the nature of mandamus to compel *an officer or employee of the United States*

*or any agency thereof* to perform a duty owed to the plaintiff" (emphasis added)).
Mandamus relief of the kind requested by Thomas cannot be granted.

Despite the caption of his pleading, it appears that what Thomas actually seeks from this Court is not mandamus relief, but habeas corpus relief. *See* Doc. No. 1 at 5 ("Petitioner request[s] that this court grant habeas relief without hosting a hearing . . . ."). But this, too, is a non-starter. "'[I]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy.'" *Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014) (quoting *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996)). Thomas is clearly challenging in these proceedings not the *fact* of his incarceration, but the *conditions* of his confinement. Habeas corpus is the incorrect vehicle for raising such a challenge.

In many circumstances it is appropriate to recharacterize a pro se pleading "into the correct procedural vehicle for the claim asserted." *Spencer*, 774 F.3d at 471. Thomas's challenge to the conditions of confinement would most suitably be raised in traditional civil litigation presenting claims under 42 U.S.C. § 1983. But characterization of the pleading in this matter as a complaint raising claims under § 1983 would be inappropriate for at least two reasons. First, Thomas's pleading remains fatally flawed even if treated as a civil complaint; for example, the lone defendant, "Contaminated H20," is self-evidently not a "person" for purposes of § 1983. Second, Thomas has recently presented parallel claims regarding prison water quality in a separate federal lawsuit. *See Kludt v. MCF-Rush City, Minnesota*, No. 17-CV-3842 (D. Minn. amended

complaint filed Sept. 1, 2017). Any grounds for relief predicated upon contaminated water may be fully litigated by Thomas in those proceedings.

Accordingly, it is hereby recommended that this matter be summarily dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B); Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. This matter be SUMMARILY DISMISSED WITHOUT PREJUDICE.

2. The application to proceed *in forma pauperis* of petitioner DeSean Lamont Thomas (Doc. No. 2) be DENIED.

3. Thomas's motion for a writ of mandamus (Doc. No. 3) be DENIED.

Dated: September 20, 2017           *s/ Becky R. Thorson*
                                    BECKY R. THORSON
                                    United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).